United States Court of Appeals

Fifth Circuit

**F I L E D**

**December 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-61062
Summary Calendar

_____

LEONOR ESTELA PALACIOS-UMANA,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
No. A72 205 863

_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Leonor Estela Palacios-Umana (Palacios) brings this petition
for review contending that the Board of Immigration Appeals (BIA)
wrongfully refused to reopen her deportation proceedings.
Specifically, she contends that she was given insufficient notice
of her deportation hearing and that her deportation proceedings
should be reopened.[2] Reviewing the record for abuse of discretion,

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Although not cited by her, Palacios appears to be making a
claim under 8 U.S.C. § 1252b(c)(3)(A) (1994), which allows for the
rescission of in absentia orders upon a motion showing "that the
alien did not receive notice" of the time and place of the

I.N.S. v. Doherty, 502 U.S. 314, 324 (1992), we deny the petition for review for the following reasons:

1.      Palacios is a citizen and native of El Salvador who entered the United States without inspection on July 1, 1995.  That same day Palacios was stopped at an INS checkpoint near Laredo, Texas.  After initially presenting false identification, Palacios revealed her identity.  As a result, the Laredo Border Patrol personally served Palacios with an Order to Show Cause (OSC) charging her with deportability as an alien who entered the United States without inspection.

2.      The OSC, which was provided to Palacios in both English and Spanish, gave Palacios notice of her rights and responsibilities, including notice of a hearing; the requirement that Palacios provide an address and/or contact information; and the consequences resulting from failure to personally appear at the hearing.[3]  Additionally, the OSC stated that notice of future proceedings would be sent to the address provided by the alien.

deportation proceedings.

[3] Specifically, the OSC provided 1) that there would be a hearing before an immigration judge no sooner than 14 days after service of the OSC; 2) that Palacios must be present at the hearing; 3) that failure to appear would result in an in absentia deportation order; 4) that Palacios was required by law to provide "immediately in writing an address (and telephone number, if any) where" she could be reached; 5) that any change of address must be given to the court; 6) that all notices of hearings would be mailed to the address provided; and 7) the location, address, and contact information of the San Antonio immigration court, along with the explanation that this would be the court handling her claim.

Palacios refused to provide any address or contact information.

3.    The Laredo Border Patrol additionally provided Palacios with a change of address form to inform the San Antonio immigration court of any new or changed contact information.  Palacios never used this form or submitted any contact information to the appropriate authorities.

4.    The applicable notice requirements of 8 U.S.C. § 1252b(c)(2) state that "no written notice shall be required . . . if the alien has failed to provide the address required."  Thus we find the OSC personally served on Palacios notified her of her duty to provide an address under 8 U.S.C. § 1252b(a)(1)(F)(i).[4]  Because Palacios failed to provide the address required, she falls within 8 U.S.C. § 1252b(c)(2), and no written notice of the November 2, 1995 deportation hearing was required.[5]   Thus the BIA did not abuse its discretion in affirming the denial of Palacios's motion to reopen.  The petition for review is therefore

DENIED.

---

[4] Palacios additionally contends that the OSC served upon her was insufficient because it failed to meet the statutory requirements of a Notice to Appear.  This argument is without merit.  A Notice to Appear is a charging document in a removal proceeding and is governed by differing statutory requirements from the OSC involved in this deportation proceeding.  Thus the OSC's compliance with the requirements of a Notice to Appear are irrelevant.

[5] We note that although 8 U.S.C. § 1252b has been since repealed, the language of the repealing act makes clear that the requirements of 8 U.S.C. § 1252b are applicable in this proceeding.